IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| WALONA S. HEATH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:18-CV-3 (WLS) |
| | : | |
| TERRELL COUNTY SCHOOL DISTRICT, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER

Before the Court is Defendant Terrell County School District's (TCSD) Motion to Dismiss. (Doc. 15.) In the instant Motion, TCSD requests this case be dismissed pursuant to Federal Rules of Civil Procedure (FRCP) 16(f), 41(b), 37(b), and 37(e). (*Id.*) For the following reasons, TCSD's Motion is **GRANTED**.

## PROCEDURAL BACKGROUND

Plaintiff Walona Heath filed an initial Complaint on January 8, 2018. This Court granted Heath's motion for leave to proceed *in forma pauperis* (Docs. 2, 4) and ordered her to supplement her Complaint. Heath filed a supplemental complaint on January 22, 2018. (Doc. 5.) Therein, she alleges that she was subjected to a sexually hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 ("Title VII"). (*Id.* at 2.) Heath alleges she was retaliated against for making complaints of sexual harassment against her "supervisor" Michael[1] Williams. (*Id.*) On May 15, 2018, this Court held a scheduling and discovery conference and subsequently entered an order memorializing the Court's oral instructions. (Doc. 13.) The Court then entered an order on October 4, 2018, advising Heath that she could not contact the court *ex parte* nor could the Court give any legal advice. (Doc. 14.) TCSD filed a Motion to Dismiss on October 19, 2019. (Doc. 16.)

---

[1] Heath refers to her "supervisor" sometimes as Michael Williams or Mitchell Williams throughout the Record.

1

This Court issued an order notifying Heath of TCSD's Motion to Dismiss. (Doc. 20.) In the order, the Court advised Heath that failure to respond to and rebut the legal arguments set forth in TCSD's brief may result in these statements being accepted as uncontested and correct. (*Id.* at 2.) Heath filed a Response on October 26, 2018. (Doc. 22.) TCSD's replied on November 9, 2018. (Doc. 26.)[2] Accordingly, the Court finds that TCSD's Motion to Dismiss is ripe for review.

## FACTUAL BACKGROUND

TCSD served Heath requests for admissions, interrogatories, and production through U.S. Mail and electronically on June 13, 2018. (Doc. 16-1 at 2 –3.) On July 6, 2018, the TCSD agreed to a two-week extension to respond to the written discovery as requested by Heath. (Doc. 16-2 at 2.) On July 30, 2018, Heath responded by e-mail to the requests for admissions and interrogatories, but did not submit a response to TCSD's request for production of documents. (Doc. 16-3 at 1–14.) In her response to the requests for admission and interrogatories, Heath edited TCSD's request to include her answers, but failed to sign her submission. (*Id.*) On July 31, 2018, TCSD sent an e-mail to Heath with another copy of TCSD's request for production of documents, because she advised the request had not shown up prior. (Doc. 16-4 at 2–3.) Heath, however, submitted written responses to the requests for production advising that she would either "do [her] best" to gather the documents or generally objecting to the question. (Doc. 16-5.) In reference to TCSD's request for production of document number four, which requests in part all recordings, texts, emails, instant messages or any other copies of electronically stored information related to this case in Heath's possession, Heath stated she had text messages, but she was waiting for her phone to be repaired. (*Id.* at 6.)

TCSD deposed Heath on August 22, 2018. (*See* Doc. 16-6.) During the deposition, TCSD confirmed that they previously requested all documents relating to Heath's claim. (*Id.* at 3.) Heath advised that she had a prepaid cellphone serviced by AT&T. (*Id.*) According to Heath, she advised that AT&T could not get her records or if so, it would be hard to obtain because her phone was prepaid. (*Id.*) During her deposition, Heath agreed to allow TCSD's

---

[2] TCSD also filed a Motion to Compel (Doc. 17) on October 19, 2018 and a Motion for Summary Judgment on December 11, 2018 (Doc. 27).

2

experts to examine her cellphone. (*Id.* at 4–5.) However, she acknowledged that the repair of the phone could erase the information saved on the cellphone and that she chose the "wrong" person to repair her phone. (*Id.* at 7.) During her deposition, Heath also agreed to produce pages from her green Terrell County book with notes regarding her allegations against TCSD. (*Id.* at 6.) TCSD agreed to forward a letter outlining the requested documents. (*Id.*)

Five days after her deposition, Heath e-mailed TCSD requesting the list of items she agreed to produce. (Doc. 16-7 at 2.) TCSD then forwarded a letter to Heath, giving her ten days to submit the requested items. (Doc. 16-8 at 2–3.) According to TCSD, Heath then "represented to Defense counsel during a telephone conversation that she refused to produce the cellphone or diary/notebook." (Doc. 16 at 7.) On September 12, 2018, Heath e-mailed TCSD advising that she did not hear anything from TCSD and that she received the phone. (Doc. 16-9 at 4.) TCSD advised Heath that she could send the phone directly to a vendor that could retrieve the data after one was identified. (*Id.* at 3.) On September 17, 2018, Heath advised that she had the wrong phone fixed. (*Id.* at 2.) On October 1, 2018, TCSD sent Heath a letter outlining all attempts to obtain documents and information from Heath and giving Heath until October 4, 2018 to provide a complete response to TCSD's Requests for Production. (Doc. 16-10.) Heath responded to TCSD's letter and advised she does not want to provide her "only original piece of evidence," her phone, to TCSD. (Doc. 16-11 at 2.) Heath admitted she had the correct phone, but could not afford to repair it. (*Id.*) Additionally, Heath agreed to fax the "one page" of her notebook regarding her claims if she could locate it. (*Id.*) TCSD advised that a subpoena was forwarded to AT&T on October 19, 2018 in attempt to secure Heath's text messages and phone records regarding her claims. (Doc. 16 at 8.) To date, the Court has not been informed of Heath's compliance with TCSD's request for production.

Heath has not countered TCSD's account of the facts regarding discovery in this case. Further, Heath has not served TCSD with any written discovery requests. (Doc. 16 at 9.) Discovery has now expired.

3

**DISCUSSION**

Under FRCP 16(f), 41(b), 37(b), and 37(e), this Court may dismiss an action if a party fails to obey a scheduling or other pretrial order, failure to prosecute or comply with federal or local rules, failure to comply with a discovery order, or failure to preserve electronically stored information, respectively. TCSD argues that Heath's Complaint should be dismissed because: (1) Heath failed to preserve electronically stored information, including text messages and phone records, that should have been preserved in anticipation of litigation and (2) Heath failed to obey the discovery order, to comply with Federal Rules of Civil Procedure and the Court's Rules, and to prosecute her case by refusing to produce evidence and failing to serve her own discovery requests. In response, Heath submitted a single-page handwritten brief contending that: (1) she repaired the wrong phone; (2) the correct phone is broken and may be in storage; (3) if the phone is located, she will give it to the judge;[3] and AT&T would not give her any information. (Doc. 22 at 1.) In Reply, TCSD argues that Heath has no legal basis for opposing TCSD's Motion and its attempts to obtain discovery.

Under FRCP 41(b), "[i]f the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41. Regardless, courts have an "inherent power" to dismiss an action for lack of prosecution. *Link v. Wabash*, 370 U.S. 626, 630 (1962); *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'")

The record in this case shows failure to prosecute, failure to comply with federal and local rules, and failure to comply with a court order.[4] *See Kramer v. Gwinnett Cnty.*, 306 F. Supp. 2d 1219, 1221 (N.D. Ha. 2004) (J. Evans) (holding that where a party fails to respond to any portion or claim in a motion, that portion, claim, or defense is waived). First, Heath has failed to prosecute her case. Heath has not served TCSD with any written discovery requests in an attempt to obtain evidence to prove her case. Heath cannot locate or

---

[3] The Court notes that discovery responses are provided to the opposing party, not to the court. *See* Local Rule 5.1.

[4] Heath was warned that a failure to respond or rebut the legal arguments in TCSD's brief may result in these statements being accepted as uncontested and correct. (Doc. 20.)

4

alternatively refused to turn over the "only" piece of evidence that may support her claims. (Docs. 16-11 at 2, 22 at 1.) Second, Heath failed to comply with federal and local rules. Heath did not respond timely, as required under FRCP 34(b), to TCSD's request to produce a cellphone with text messages and phone records and a notebook detailing the events leading to her claims, even after she was given an extension. Additionally, Heath disregarded this Court's local rules regarding *ex parte* communication. *See* Local Rule 9. Appearing *pro se*, Heath is subject to the Federal Rules of Civil Procedure and other court rules. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Although *pro se* pleadings are to be construed liberally, "procedural rules in ordinary civil litigation" should not be interpreted "so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States,* 508 U.S. 106, 113 (1993). Heath was advised that she may file any appropriate motion pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, but she has not done so. (*See* Doc. 14.) Finally, Heath failed to comply with a court order. In the scheduling and discovery order, the parties were directed to act expeditiously and in good faith to complete discovery as scheduled." (Doc. 13.) The record demonstrates that Heath initially failed to comply with TCSD's request for production, agreed to produce a cellphone and notebook at her deposition, refused then agreed again to produce the cellphone and notebook, advised she had the wrong cellphone repaired, refused to turn over the correct phone, but agreed to turn over a page of her notebook, and then advised that she could not locate the correct cellphone. Heath has provided no evidence that the correct cellphone or her notebook has been provided to TCSD. Discovery has expired. TCSD initially forwarded their request to produce to Heath over a year ago.

This Court finds that Heath clearly delayed prosecuting her case and complying with federal rules, local rules, and the orders of this Court. As Heath is unable or unwilling to locate her cellphone, the "only" evidence supporting her claim against TCSD, a lesser sanction would be futile based on the facts as shown in the record.

## CONCLUSION

For the abovementioned reasons, TCSD's Motion to Dismiss (Doc. 15) is **GRANTED**. Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**[5] pursuant to Federal Rule of Civil Procedure 41(b).[6]

**SO ORDERED**, this 3rd day of September, 2019.

                                                       /s/ W. Louis Sands
                                                      **W. LOUIS SANDS, SR. JUDGE**
                                                      **UNITED STATES DISTRICT COURT**

---

[5] The Court notes that TCSD requested Heath's Complaint be dismissed with prejudice. *See Moskovits v. Aldridge Pite, LLP*, 677 F. App'x 510, 516 (11th Cir. 2017) ("In general, a dismissal without prejudice is not an abuse of discretion and should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit.") (citing *Dynes v. Army Air Force Exch. Serv.,* 720 F.2d 1495, 1499 (11th Cir. 1983)); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) ("Dismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances.").

[6] Further, based on the Court's findings, TCSD's Motion to Compel (Doc. 17) and Motion for Summary Judgment (Doc. 27) are **DENIED AS MOOT**. The Court notes that Heath was notified that she "may not rest on the pleadings but must respond with affirmative affidavits, depositions, documents, or rely with specificity on evidence that is part of the record" in responding to TCSD's motion for summary judgment. (Doc. 28 at 1.) However, Heath ignored the Court's instructions and submitted only a handwritten brief denying the factual arguments in TCSD's motion for summary judgment and a declaration from an attorney advising that she could not handle Heath's case and recommending Heath obtain other legal representation. (*See* Docs. 35, 35-1.)